UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ALLSTATE INSURANCE COMPANY,**

           **Plaintiff(s),**     **CASE NUMBER: 06-15382**
                                 **HONORABLE VICTORIA A. ROBERTS**

**v.**

**ROMAN FRANKEL, NEW START, INC.,**
**et al.,**

           **Defendant(s).**

**and**

**ROMAN FRANKEL, NEW START, INC.,**
**et al.,**

           **Counter-Plaintiff(s),**

**v.**

**ALLSTATE INSURANCE COMPANY,**

           **Counter-Defendant(s).**
_____/

**ORDER**

This matter is before the Court on Plaintiff Allstate Insurance Company's Motion for Preliminary Injunction and Motion for Leave to File a Motion for Summary Disposition. The Court held a telephone conference on these motions on November 28, 2007. Attorney Karen Magdich appeared for Plaintiff and Attorney Craig Romanzi appeared for all of the Defendants (except Thomas Kane). For the reasons stated below, Plaintiff's motions are **DENIED** and this action is **STAYED**.

1

Pursuant to FRCP 64 and 65, Allstate asks the Court to enjoin Defendant Roman Frankel from transferring personal and corporate assets in order to avoid payment of an anticipated judgment in this matter. However, Allstate failed to present evidence that Defendant is engaged in any such conduct or that he intends to do so. Therefore, Allstate's Motion for Preliminary Injunction is **DENIED**.

In its second motion, Allstate requests leave to file a motion for summary judgment prior to the close of discovery. In its Second Amended Complaint, Allstate alleges 26 counts against Defendants for: 1) fraudulent and innocent misrepresentation; 2) unjust enrichment; 3) fraud and silent fraud; 4) practicing psychology and psychiatry without a license; 5) providing medical services without a license; 6) illegal fee splitting; 7) corporate practice of medicine; 8) civil conspiracy; and 9) breach of statutory duty. Defendants include a social worker (Roman Frankel), two doctors (Thomas Kane and Bruce Lessien), and four rehabilitation facilities (New Start, Inc. ("NSI"), The Healing Place, Ltd. ("THP"), Another Step Forward, Inc., and THP Intensive Services, Inc.) where adult foster and psychiatric care and substance abuse treatment was rendered. Allstate asserts that Frankel billed it (under no-fault automobile insurance policies) for performing services as a psychologist/psychiatrist although he is not licensed as such, and that THP charged Allstate more than the fee actually paid for services rendered by Kane and Lessien. Allstate also alleges that none of the Defendants was properly licensed to render the treatment they provided. Frankel and the rehabilitation facilities filed a Counter-Claim alleging tortious interference with contractual relationship, tortious interference with business expectancy, and fraud and misrepresentation.

In a separate action, two of the Defendants--THP and NSI--and others brought

an action against Allstate in state court alleging breach of contract and requesting declaratory action when Allstate denied claims submitted by THP and NSI for services rendered to a patient. Allstate moved for summary disposition arguing, *inter alia*, that the services were not compensable under the patient's policy because THP and NSI were not properly licensed to render the treatment given and, therefore, the treatment was not lawfully rendered in accordance with M.C.L. §500.3157. The trial court granted summary disposition to Allstate. On October 23, 2007, the Michigan Court of Appeals affirmed. *See Healing Place at North Oakland Medical Center v Allstate*, 2007 W.L. 3087503 (Mich. App. 2007).

Inasmuch as Allstate's claims in this action are based upon its assertion that Defendants were not properly licensed to render services for which they were paid, Allstate contends that further discovery would be futile in light of the state court rulings, and that the rulings are dispositive of the claims before this Court. Defendants, however, advise that they filed a motion for reconsideration with the Michigan Court of Appeals which is pending.

In light of the pending motion for reconsideration, Allstate's motion is **DENIED WITHOUT PREJUDICE**. The Court further enters a **STAY** of proceedings pending a decision on Defendants' motion for reconsideration. The parties are to notify the Court when a ruling is issued.

**IT IS ORDERED.**

                                                  /s/ Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Dated: December 10, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 10, 2007.

s/Carol A. Pinegar
Deputy Clerk